UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JARED BARRAZA LOPEZ,

Petitioner,

-against-

RAUL MALDONADO, JR.,[1]

Respondent.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-5752 (EK)

ERIC KOMITEE, United States District Judge:

Jared Andres Barraza Lopez petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lopez, who is married to a U.S. citizen, was arrested by U.S. Immigration and Customs Enforcement ("ICE") at a probation appointment on May 12, 2026. Pet. 6. He was placed in removal proceedings and is being detained at the Metropolitan Detention Center in Brooklyn. *Id.* at 1-2. Proceeding *pro se*, Lopez challenges his detention on three bases: (1) the immigration judge improperly denied his request for bail; (2) he has been detained for "too long"; and (3) his arrest itself was unlawful because he was "doing everything correctly that was asked of [him]" and the ICE

[1] Petitioner identifies "Robert Brown" as the respondent. *See* Pet. 1, ECF No. 1. The Court cannot determine who that individual is. Since petitioner is being held at the Metropolitan Detention Center ("MDC"), *id.*, we substitute Raul Maldonado, Jr. — the warden of MDC — as the proper respondent. The Clerk of Court is respectfully directed to amend the case caption accordingly.

officers refused to show him the arrest warrant. *Id.* at 2, 6. Because it is clear from the face of Lopez's petition that he is not entitled to relief, the petition is denied. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .") (citing 28 U.S.C. § 2254 Rule 4); 28 U.S.C. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

*First,* this Court lacks jurisdiction to review the immigration judge's denial of bond. The petition makes clear that was a discretionary determination. *See* Pet. 2 ("I asked to be released because I am not a danger to anyone and I am not a flight risk but the immigration judge denied my request and I am still detained."). And federal courts lack jurisdiction to review the "discretionary judgment" by the Attorney General to detain a non-citizen pending removal. *See* 8 U.S.C. § 1226(e).

*Second,* in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that "a presumptively constitutional period of detention does not exceed six months." *Velasco Lopez v. Decker*, 978 F.3d 842, 855 n.13 (2d Cir. 2020) (citing *Zadvydas*). Lopez has been held for four and a half months — within the presumptively constitutional period contemplated in *Zadvydas*.

*Third,* to the extent Lopez is raising a Fourth

Amendment challenge to his arrest, that would not provide a basis for relief. When removal proceedings have promptly begun post arrest — as they have in this case — and a petitioner has received a hearing at which to contest detention, he cannot then seek release in habeas based on a Fourth Amendment claim.

The Seventh Circuit addressed this issue in *Arias v. Rogers*, 676 F.2d 1139, 1144 (7th Cir. 1982). After petitioners were arrested in that case, removal proceedings "were instituted within 24 hours." *Id.* at 1141. Petitioners then argued that they were entitled to release in a habeas proceeding because their arrests violated the Fourth Amendment. *Id.* Assuming without deciding that the arrests were unlawful, the court held that "once deportation proceedings have begun[,] the legality of the alien's detention" — based on an unlawful arrest claim — "can no longer be tested by way of a habeas corpus proceeding." *Id.* The Court limited its holding to cases in which deportation proceedings were "begun with reasonable promptness after the alien's arrest." *Id.* at 1143-44. In such a case, petitioners could "avail themselves of" certain "administrative remedies" before the immigration judge, including contesting their detention. *See id.* at 1143. Thus, "[f]rom the moment the petitioners were able to pursue [these remedies], their detention was no longer so lawless as to allow a judge to free

them under the habeas corpus statute." *Id.* at 1144.

Two years after *Arias*, the Supreme Court held that the exclusionary rule does not, generally speaking, apply in civil deportation hearings. *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984). The Court observed that the "purpose of deportation is not to punish past transgressions but rather to put an end to a continuing violation of the immigration laws," and listed a number of constitutional rights that apply only in modified form — or not at all — in deportation proceedings. *Id.* at 1039. The Court went on to opine that the Board of Immigration Appeals had "correctly ruled that the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040.[2] This holding carries obvious relevance here, even if it arose outside the precise context of release pending removal.

This precedent persuasively forecloses the relief that Lopez seeks here. His petition says nothing to suggest that the

---

[2] The *Lopez-Mendoza* plurality did note some potential limits on this holding, including that it would not apply in cases of "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." *Id.* at 1050-51. The Second Circuit first applied this limitation in *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 234 (2d Cir. 2006), and declined to suppress the evidence at issue. Years later, the Second Circuit still had "never found a violation sufficiently severe, and therefore egregious, to require suppression in a removal hearing." *Cotzojay v. Holder*, 725 F.3d 172, 180 (2d Cir. 2013). Moreover, even if suppression were to occur, when an alien "concedes facts supporting his removability," such facts are independently admissible even if the detainee can establish an "egregious" violation. *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 230 (2d Cir. 2014).

government failed to promptly initiate removal proceedings following his arrest. And he acknowledges that he received a bond hearing. Pet. 2. Thus, his petition for habeas relief must be denied. *See Arias*, 676 F.2d at 1143-44.

In any event, Lopez provides no basis from which to infer that his arrest was unlawful. That he was "doing everything correctly that was asked of [him]," Pet. 6, does not mean he was not removable. Lopez also cites no statutory or regulatory authority for the proposition that ICE was required to show him the arrest warrant, and the Court is aware of none.

* * *

For the foregoing reasons, Lopez's petition is denied. The Clerk of Court is respectfully directed to mail a copy of this order to Lopez, note the mailing on the docket, and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 28, 2026
Brooklyn, New York